UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

FONTAINE L. BAKER, SR.,

        Plaintiff,

        v.                                           Case No. 23-CV-1340

CHRIS BUESGEN, et al.,

        Defendants.

___

## DECISION AND ORDER

___

        Plaintiff Fontaine L. Baker, Sr., who is representing himself, is proceeding on an Eighth Amendment conditions of confinement claim against Defendants Chris Buesgen, Thomas Zemaitis, Steven Anglemyer, Heather Wilhelm-Copas, Jamie Barker, Donna Johnson, Timothy Gronski, Conner Hanno, David Hall, Austin Nelson, Jacob Kratz, Eric Henricks, James Zastrow, Jesse Wnek, Ryan Kalepp, Brian Starch, Katine Klinger-Berg, Leahanna Krizan, and Haylee Hoyt in connection with allegations of extremely cold temperatures and harmful fumes at the Stanley Correctional Institution between January 2022 and March 2022. Dkt. Nos. 1, 22 & 23. Defendants Anglemyer, Barker, Buesgen, Wilhelm-Copas, and Zemaitis answered on May 31, 2024. Dkt. No. 14. The remainder of the defendants, who were initially sued as John Does but were later identified on October 11, 2024, have not yet answered. Dkt. No. 23. Discovery currently closes December 6, 2024; and dispositive motions are due February 7, 2025. Dkt. No. 15.

        On October 21, 2024, Plaintiff filed a "motion for extension of time to complete discovery and motion to compel." Dkt. No. 26. Plaintiff states that he needs more time to conduct discovery against the newly named defendants; and the previously named defendants refused to respond to

a discovery request which sought the names of all inmates on his unit "who experienced the cold, fumes and complained to the officers about it." *Id.* Plaintiff did not attach a copy of the text of his request, but he states that Defendants objected to the request as too "burdensome." *Id.*

The motion for extension of time to conduct discovery is unnecessary. The Court will issue an amended scheduling order extending all deadlines (including the discovery deadline) *after* the newly named Defendants answer. Additionally, Plaintiff submits no evidence showing that he attempted to meet and confer with opposing counsel prior to bringing the motion, as required by Civil Local Rule 37. *See* Dkt. No. 26; *see also* Dkt. No. 27 at 4. The motion to compel is therefore premature. Accordingly, the Court will deny Plaintiff's motion without prejudice because it is unnecessary and premature.

The Court notes that, in order to resolve the identified discovery dispute, Plaintiff should contact defense counsel in an attempt to meet and confer about the issue. During that meet and confer, Plaintiff should consider limiting and/or clarifying the scope of his discovery request. Toward that end, his request for the names of all inmates on his unit who "complained to an officer" about the "cold, fumes" could be relevant to Defendants' prior knowledge about the conditions of his unit. But as currently phrased, the request is too broad and/or vague and could separately pose a safety concern due to confidentiality issues. Plaintiff could limit and/or clarify, for example, the manner of complaints lodged (written, oral, etc.), the relevant timeframe of complaints, the relevant location of complaints, and/or possible redaction of confidential information unrelated to Defendants' prior knowledge about issues with the temperature/fumes in his unit. But to the extent Plaintiff simply seeks a list of the names of all inmates on his unit, that information is not directly relevant to the case. If, after meeting and conferring with Defense counsel, Plaintiff still cannot retrieve the discovery he needs, he can refile his motion to compel.

On November 6, 2024, Defendants filed a motion to clarify the scheduling order. As noted above, the Court will issue an amended scheduling order *after* the new Defendants answer. The Court will therefore deny the motion to clarify as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for extension of time to complete discovery and motion to compel (Dkt. No. 26) is **DENIED without prejudice** as unnecessary and premature.

**IT IS FURHTER ORDERED** that Defendants' motion to clarify (Dkt. No. 31) is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on November 13, 2024.

STEPHEN C. DRIES
United States Magistrate Judge